UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIEZER TAVERAS and VALERIA ROSA TAVERAS,**

      Plaintiffs,

v.                                    Case No: 6:21-cv-189-WWB-EJK

**BANK OF AMERICA, N.A., SERVIS ONE, INC, and CHRISTIANA TRUST,**

      **Defendants.**

## ORDER

This cause is before the Court on Plaintiff's Motion for Recusal of Assigned United States Magistrate Judge ("Motion," Doc. 65). The Motion requests that the undersigned recuse himself based on "prejudice [against] the Plaintiffs." (*Id.* at 2.) For the reasons stated herein, the Motion will be denied.

Under 28 U.S.C. § 144, a judge must recuse himself when a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." However, to warrant recusal under this provision, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Similarly, under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a

party." *Id.* § 455(b)(1). The Court must determine "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Plaintiffs' Motion is based solely on their dissatisfaction with the speed at which the Court has ruled on certain matters. "A judge's rulings in the same or a related case may not serve as the basis for a recusal motion unless the movant demonstrates 'pervasive bias and prejudice.'" *Hicks-Washington v. Hous. Auth. of the City of Ft. Lauderdale*, No. 19- 12094, 2020 U.S. App. LEXIS 4374, at *17–18 (11th Cir. Feb. 12, 2020) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (holding that allegations of bias stemming from a mere disagreement with rulings . . . did not demonstrate pervasive bias and prejudice)). Plaintiffs have not demonstrated bias or prejudice. Notably, the majority of the pending motions were filed by the defendants, not by Plaintiffs.

It is **ORDERED** that Plaintiffs' Motion (Doc. 64) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties