UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIEZER TAVERAS and VALERIA ROSA TAVERAS,**

      Plaintiffs,

v.                    Case No: 6:21-cv-189-WWB-EJK

**BANK OF AMERICA, N.A., SERVIS ONE, INC., and CHRISTIANA TRUST,**

      **Defendants.**

## ORDER

Plaintiff Eliezer Taveras has filed a motion pursuant to 28 U.S.C. §§ 144 and 455 seeking my recusal due to prior employment with the law firm of Williams & Connolly LLP, which Plaintiff alleges "represents financial institutions, including federally-insured banks and their officers and directors, in securities litigation, etc." (Doc. 103 at 4.)

While it is true as a general matter that Williams & Connolly LLP has previously represented financial institutions, I have not worked at that law firm for nearly a decade. Plaintiff's Complaint states: "The facts giving rise to this action begin on 06/22/2015 and run up to around 4/20/2018." (Doc. 1 ¶ 1.) I was not employed by Williams & Connolly LLP at that time, I have no personal knowledge of the facts underlying the case, I have no financial interest that could be substantially affected by the outcome of this case, no attorney at Williams & Connolly LLP is attorney of record

in this case, and there is otherwise no basis set forth in 28 U.S.C. §§ 144 and 455 on which I should recuse myself. My prior employment with a law firm that has represented financial institutions is, in itself, insufficient to demonstrate bias or prejudice in this case. *See Huff v. Standard Life Ins. Co.*, 683 F.2d 1363, 1369–70 ("[T]he trial judge in this case did not participate with defense counsel in outside business ventures; he was not personally represented by defense counsel; nor did any member of the judge's family retain any relationship with his former law firm. While it is true that the judge did associate with and was a partner of the firm prior to appointment to the bench, this does not create the same risk of impartiality" previously found to be improper.).

Accordingly, the Motion to Recuse is **DENIED**. The Clerk is directed to remove the ex-parte designation from the Motion to Recuse and this Order.

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE